UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.:

PABLO Z. FIGUEROA,
and other similarly situated individuals,

  Plaintiff(s),
v.

INVESTMENTS MANAGEMENT I, LLC,
d/b/a INVESTMENT LIMITED

  Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff PABLO Z. FIGUEROA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues the Defendant INVESTMENTS MANAGEMENT I, LLC, d/b/a INVESTMENTS LIMITED, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff PABLO Z. FIGUEROA is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant INVESTMENTS MANAGEMENT I, LLC, d/b/a INVESTMENTS LIMITED (hereinafter INVESTMENTS LIMITED, or Defendant) is a Florida for Profit Corporation having its main place of business in Palm Beach County. The Defendant was engaged in interstate commerce.

4. All the actions raised in this complaint took place in Palm Beach County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff PABLO Z. FIGUEROA and other similarly situated employees to recover from Defendant overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Corporate Defendant INVESTMENTS LIMITED is a property leasing, management, and maintenance company providing its services to commercial accounts.

7. The Defendant INVESTMENTS LIMITED employed Plaintiff PABLO Z. FIGUEROA as a non-exempted, full-time, hourly employee, approximately from September 2015 to March 03, 2020, or 4 years plus 6 months. However, for FLSA purposes de relevant period of employment is 153 weeks.

8. The Plaintiff worked at Island Shores Apartments, located at 1600 Island Shore Drive, Green Acres, FL 33413.

9. At the time of his termination Plaintiff's wage-rate was $15.00 an hour.

10. During his time of employment, the Plaintiff worked as a maintenance employee. The Plaintiff's duties included general maintenance work such as repairing, painting, plumbing, and light electric work for all the residential buildings managed by INVESTMENTS LIMITED.

11. The Plaintiff worked 5 days per week from Mondays to Fridays, and he had a regular schedule. Every day, the Plaintiff reported working at 8:30 AM and he finished working around 6:30 PM (10 hours daily). The Plaintiff completed a minimum of 50 working hours per week.

12. The Defendant deducted automatically 1 hour of lunchtime daily or 5 hours per week. Regardless the fact that at least twice a week, Plaintiff was unable to take a bonafide lunch period.

13. Plaintiff worked in excess of 40 hours every week, but Defendant refused to pay Plaintiff for overtime hours. The Defendant paid the Plaintiff only up to 40 regular hours weekly.

14. Sometimes Plaintiff worked on-call hours that were paid to him correctly.

15. During his time of employment with the Defendant failed to pay Plaintiff for a minimum of 5 overtime hours every week. In addition, Plaintiff is entitled to receive payment for at least 2 lunch hours weekly which were improperly deducted from his wages. These 2 lunch hours constitute 2 additional unpaid overtime hours. Thus, Plaintiff is claiming to be paid for a minimum of 7 overtime hours accumulated during his relevant time of employment.

16. During the relevant time of employment, Plaintiff clocked in and out, the Defendant was in complete control of Plaintiff's working hours, and it was able to keep track of the Plaintiff total number of working hours

17. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

18. The Plaintiff and all individuals similarly situated were paid bi-weekly, and their paystubs never reflected the real number of working hours.

19. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based only on a workweek of 47 unpaid overtime hours. After proper discovery, the Plaintiff is going to amend his calculations.

20. The Plaintiff was fired on or about March 03, 2020, due to discriminatory reasons. The Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

21. Plaintiff PABLO Z. FIGUEROA seeks to recover unpaid overtime hours, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

## FAILURE TO PAY OVERTIME

23. Plaintiff PABLO Z. FIGUEROA re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff PABLO Z. FIGUEROA and those similarly-situated as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant INVESTMENTS LIMITED was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant is a property leasing and management company. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic

devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

27. The Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a maintenance employee, through his daily activities, he worked and handled and on goods and materials that were moved across State lines at any time during business. Therefore, there is individual coverage.

28. The Defendant INVESTMENTS LIMITED employed Plaintiff PABLO Z. FIGUEROA as a non-exempted, full-time, hourly employee, approximately from September 2105 to March 03, 2020, or 4 years plus 6 months. However, for FLSA purposes de relevant period of employment is 153 weeks.

29. Plaintiff was hired as a maintenance employee and at the time of his termination his wage-rate was $15.00 an hour.

30. The Plaintiff worked 5 days per week from Mondays to Fridays an average of 50 working hours per week.

31. The Defendant deducted automatically 1 hour of lunchtime daily or 5 hours per week. Regardless the fact that at least twice a week, Plaintiff was unable to take a bonafide lunch period. These 2 lunch hours constitute 2 additional unpaid overtime hours.

32. Plaintiff worked in excess of 40 hours every week, but Defendant refused to pay Plaintiff for overtime hours. The Defendant paid the Plaintiff only up to 40 regular hours weekly.

33. During his time of employment with the Defendant failed to pay Plaintiff for a minimum of 5 overtime hours every week. In addition, Plaintiff is entitled to receive payment for at least 2 lunch hours weekly which were improperly deducted from his wages. These 2 lunch hours constitute 2 additional unpaid overtime hours. Thus, Plaintiff is claiming to be paid for a minimum of 7 overtime hours accumulated during his relevant time of employment.

34. During the relevant time of employment, Plaintiff clocked in and out, the Defendant was in complete control of Plaintiff's working hours, and it was able to keep track of the Plaintiff total number of working hours

35. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

36. The Plaintiff and all individuals similarly situated were paid bi-weekly, and their paystubs never reflected the real number of working hours.

37. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based only on a workweek of 47 hours with 7 unpaid overtime hours. After proper discovery, the Plaintiff is going to amend his calculations.

38. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation actually paid to such employees should be

in the possession and custody of the Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

39. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

41. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification. Adjustments will be made after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Twenty-Four Thousand Ninety-Seven Dollars and 50/100 ($24,097.50)

   b. <u>Calculation of such wages</u>:

      Total time of employment: More than 4 years
      Relevant weeks of employment: 153 weeks
      Total hours worked: 47
      Total unpaid O/T hours: 7 hours
      Regular rate: $15.00 x 1.5=$22.50
      O/T rate: $22.50

      O/T rate $ 22.50 x 7=157.50 x 153=$24,097.00

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

      This amount represents unpaid overtime wages.

42. At all times material hereto, the Employer/Defendant INVESTMENTS LIMITED failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. Defendant INVESTMENTS LIMITED knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

44. Defendant INVESTMENTS LIMITED willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

45. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PABLO Z. FIGUEROA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendant INVESTMENTS LIMITED based on Defendant's willful violations

of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff PABLO Z. FIGUEROA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: March 30, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*