UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 20-80539-Civ-Brannon

PABLO Z. FIGUEROA,

     Plaintiff,

v.

INVESTMENTS MANAGEMENT, LLC,

     Defendant.

_____/

## ORDER APPROVING FLSA SETTLEMENT
## AND DISMISSING CASE WITH PREJUDICE

    THIS CAUSE came before the Court upon holding a fairness hearing held on June 29, 2020.  The Court has carefully reviewed the terms of the parties' final written settlement agreement and is otherwise fully advised.

    Plaintiffs allege that Defendant failed to pay overtime wages as required under the Fair Labor Standards Act ("FLSA") [DE 1].  The parties reached a settlement during a settlement conference with the undersigned on June 12, 2020 [DE 25].  The parties then consented to U.S. Magistrate Judge jurisdiction to conduct a fairness hearing [DE 26].  The parties have memorialized the terms of their FLSA settlement in a final written settlement agreement that is executed by all parties and has been submitted to the Court for review.

    When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).  The Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.  While FLSA provisions are

1

mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement was entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

Based upon an independent review of the record, having heard from counsel at the fairness hearing, and after a thorough review of the represented parties' fully-executed FLSA settlement agreement, the Court finds that the FLSA settlement represents a fair and reasonable resolution of the parties' bona fide FLSA disputes in this matter. Among other things, the FLSA agreement includes the settlement payments to be made, releases, a confidentiality provision, and a non-admission of liability provision. In all, the FLSA agreement represents a fair and reasonable compromise of a bona fide dispute over FLSA provisions.

Accordingly, the Court **ORDERS AND ADJUDGES** that the parties' fully-executed FLSA settlement agreement is **APPROVED**. As requested by the parties, the Court retains jurisdiction to enforce the terms of the parties' settlement, if necessary. Any pending motions shall be **DENIED AS MOOT**. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE THIS CASE**.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 29th day of June, 2020.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE